■ In the Matter of BENJAMIN C. POSNER et al., Appellants, v. JOSEPH WOHLPART et al., Respondents.— In a proceeding under CPLR article 78 (1) to annul a determination of the respondent Zoning Board of Appeals affirming the respondent Building Inspector's denial of petitioners' application for the issuance of a building permit and (2) to compel the issuance of such permit, petitioners appeal from a judgment of the Supreme Court, Westchester County, entered May 11, 1966, which (a) dismissed the petition and the proceeding and (b) affirmed said determination. Judgment affirmed, with costs. No opinion. Brennan, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Hill, J., dissents and votes to reverse the judgment, to annul the determination and to direct the issuance of a permit, with the following memorandum: Petitioners showed that 88% of the revenues from the proposed establishment would be from merchandise sales and only 12% would be derived from incidental services. Less than 20% of the building is to be used for storage purposes. In my opinion, the limited services to be rendered in the proposed building are clearly incidental to the retail sales permitted in a Retail Business B-1 District. If the percentage were reversed, or approximately so, I would agree that the sales of automotive accessories would be incidental to the service and storage of cars, rendering the structure a "public garage", which is authorized only in a General Business B-2 District.

■ In the Matter of ANGELO RAINALDI, Doing Business as NORTHWEST REALTY Co., Respondent, v. JAMES W. GAYNOR, as Commissioner of Housing and Community Renewal, Appellant.— In a proceeding by a co-owner landlord under CPLR article 78 to review a determination of the Commissioner of Housing and Community Renewal, upon remission, which, insofar as petitioner's application for decontrol of a certain housing accommodation is concerned, adhered to a prior determination (1) confirming the Local Rent Administrator's order which had denied the application and (2) overruling petitioner's protest against said order, the Commissioner appeals from a judgment of the Supreme Court, Westchester County, entered December 13, 1965, which annulled the determination and directed the Local Rent Administrator to issue an order of decontrol. Judgment reversed on the law, with costs, petition dismissed and determination confirmed. The Special Term's findings of fact, if any, are not affirmed. It appears that petitioner had obtained a certificate of eviction solely for the purpose of utilizing the apartment in question for his own use and occupancy. Following the tenant's removal without the initiation of an eviction proceeding, however, petitioner continued to rent the apartment to successive tenants, at a monthly rental greatly in excess of the previously fixed maximum. It is our opinion that the Commissioner's refusal to credit petitioner's explanation, namely, that he had changed his intention to occupy the apartment and had made that fact known to the tenant who, nevertheless, decided to move, was neither arbitrary and capricious nor without a reasonable basis in the proof before him (*Matter of Friedman* v. *Weaver*, 3 N Y 2d 123; *Matter of First Terrace Gardens* v. *McGoldrick*, 1 N Y 2d 1). Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.